IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

INVICTA WATCH COMPANY )
OF AMERICA, INC., )
   a Florida corporation )
)
              Plaintiff, )
)
              vs. )
)
)
PLASTICASE, INC., )
   a Foreign corporation, )
)
            Defendant. )
_____/)

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. (hereinafter "INVICTA" or 'PLAINTIFF"), for its complaint against Defendant, PLASTICASE, INC. (hereinafter "PLASTICASE" or "DEFENDANT"), alleges as follows:

## NATURE OF THE CASE

1.    This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.    PLASTICASE violated 35 U.S.C. § 292(a), by marking products as "Patented" where no issued patent exists.

3.    INVICTA seeks an award of monetary damages against PLASTICASE, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4. INVICTA is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 3069 Taft Street, Hollywood, Florida 33021.

5. PLASTICASE is a corporation organized and existing under the laws of Canada, with its principal place of business located at 1059 Boulevard des Enterprises Ouest, Terrebonne, Quebec, Canada, J6Y 1V2.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(d), which provides that an alien may be sued in any district.

8. INVICTA brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

9. PLASTICASE is a B2B provider of packaging solutions for all types of products. PLASTICASE has, at all times relevant to the allegations in this Complaint, offered for sale and sold certain of its products in the United States.

10. Upon information and belief, PLASTICASE appreciates the value of patent protection for its products and the elements thereof and uses patent protection to its competitive advantage.

11. Upon information and belief, PLASTICASE is a sophisticated company with many years of experience applying for, obtaining, and litigating patents.

12. In violation of 35 U.S.C. § 292, PLASTICASE has in the past and currently marks, or causes to be marked, packaging for products sold in the United States with the words "patented" when, in fact, no patent protects the marked product.

## COUNT ONE:

## FALSE PATENT MARKING

13. INVICTA realleges paragraphs 1 – 12 as if fully set forth herein.

14. PLASTICASE manufactures markets and sells a product line referred to as the "NANUK"™ line of protection cases. All of the cases in the NANUK™ line feature what PLASTICASE has coined the "POWERCLAW"™ latching system.

15. Upon information and belief, PLASTICASE has marked (or caused to be marked), during all times relevant to this Complaint for False Patent Marking, each package of the NANUK line with the following phrase: "PATENTED POWERCLAW™ LATCHING SYSTEM."

16. Representative photographs of the packaging of the NANUK line are attached hereto as "Composite Exhibit A pages 1-4."

17. During the times relevant to this Complaint for False Patent Marking, the POWERCLAW™ latching system was and is not subject to patent protection because the patent application is still pending in the U.S. Patent Office and in the European Patent Office.

18. PLASTICASE initially filed U.S. Patent Application Serial No.11/762,497, which addressed the functionality of the POWERCLAW™ latching system. That application was expressly abandoned before any Action on the merits.

19. Prior to abandonment of U.S. Patent Application Serial No.11/762,497, PLASTICASE filed a continuation-in-part patent application related thereto. The continuation-in-part application is U.S. Patent Application Serial No. 12/132,654 (hereinafter '654 Application), a copy of which is attached hereto as Exhibit B.

20. The '654 Application is still pending before the U.S. Patent Office.

21. PLASTICASE filed a corresponding patent application with the European Patent Office ("EPO") claiming priority to the currently pending '654 Application.

22. Both of the foregoing patent applications are still undergoing examination and the claims may be changed and/or be eliminated as a result of the examination process.

23. If either of the pending applications matures into issued patents, the final version of the resulting patents may not cover the POWERCLAW™ latching system.

24. PLASTICASE cannot genuinely believe that the pending patent applications give rise to patent protection.

25. In the past, PLASTICASE marked the actual NANUK™ cases with the phrase "patent pending."

26. PLASTICASE is an experienced patentee, familiar with the distinction between marking with the word "patented" versus "patent pending" and chose to improperly assert patent protection on the POWERCLAW™ latching system in the absence of an issued patent, with the intent to deceive the public and to gain a competitive advantage in the market.

27. PLASTICASE violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging of products in NANUK™ line with the word "patented."

## DAMAGES

28. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

29. PLASTICASE'S false marking of products as "patented" before the issuance of a patent and distributing said products in the United States has wrongfully quelled competition with respect to such products, thereby causing harm to INVICTA, the UNITED STATES, and the public.

30. PLASTICASE wrongfully and illegally advertised a patent monopoly that they do not possess, and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

## PRAYER FOR RELIEF

WHEREFORE, INVICTA requests this Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against PLASTICASE and in favor of INVICTA for the violations alleged in this Complaint;

B. Order PLASTICASE to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.  Grant INVICTA such other and further relief as it may deem just and equitable.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

Dated:  July 21, 2010

_____
Robert M. Schwartz, Esq.
Florida Bar No. 304018
Robert M. Schwartz, P.A.
2445 Hollywood Boulevard
Hollywood, Florida  33020
Telephone: (954) 924-0707
Facsimile: (954) 924-0717
Email: litigation@patentmiami.com
*Attorneys for Plaintiff, Invicta Watch Company of America, Inc.*